**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>COMMON LIVING, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No: 24-11130 (LSS)<br><br>**Objections Due By: September 5, 2024**<br>**Hearing Date: September 12, 2024, 2:30 p.m.** |

## MOTION OF 808 DEVELOPMENT LLC FOR RELIEF FROM AUTOMATIC STAY

The 808 Development LLC ("Owner"), by and through its undersigned counsel, hereby submits this Motion (the "Motion") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the Movant relief from the automatic stay to effectuate access to its bank accounts for which Common Living, Inc. (the "Debtor") claims no interest in order to avoid substantial and further harm to Owner and potential hazards to the health and safety of Owner's tenants. In support of the Motion, Movant respectfully states as follows:

---

[1] The last four digits of the Debtor's tax identification number are 7483 and the Debtor's principal place of business is located at 12 East 49th Street, Suite 08-125, New York, NY 10017.

**INTRODUCTION**

Movant files this Motion in an abundance of caution to authorize and allow Owner access to its own bank accounts for which Debtor technically remains a signatory. Debtor asserts no ownership in the bank accounts.

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Delaware has jurisdiction to consider this Motion under 28 U.S.C. § 1334, pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, entered in accordance with 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Movant consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 362(d)(1) of the Bankruptcy Code, Bankruptcy Rules 4001(a)(1), and Local Rules 4001-1 and 9013-1.

**STATEMENT OF FACTS**

**I.    The Debtor and Chapter 7 Case**

1. On May 31, 2024 (the "<u>Petition Date</u>"), the Debtor and certain affiliates filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code. The Debtor's bankruptcy petition identifies assets of up to $10 million against liabilities of as much as $50 million. Before the Petition Date, the Debtor was a residential brand and operator that designed, leased, and

managed multi-family properties.

2.      On June 3, 2024, the Office of the United States Trustee for the District of Delaware appointed George L. Miller as interim trustee (the "Chapter 7 Trustee") and scheduled the meeting of creditors for July 8, 2024. The Debtors Schedules of Assets and Liabilities or Statement of Financial Affairs are located at Docket Entry No. 4.

3.      As of the date of this Motion, the Chapter 7 Trustee has not filed a motion under Section 721 of the Bankruptcy Code seeking Court authorization to operate the Debtor's business for a limited period.

### III. The Management Agreement.

4.      808 Development, LLC is the owner of the real estate and improvements located at 808 N. Cleveland Avenue, Chicago, IL 60610, a commercial, building with retail tenants (the "Property"). *See* Declaration of Dennis Thompson, **Exhibit B** at ¶ 2.

5.      On or about August 16, 2022, Owner entered into a Management Agreement with the Debtor (the "Management Agreement"), whereby the Debtor became the property manager of the Property. A true and correct copy of the Management Agreement is attached hereto as **Exhibit C**.

6.      On May 29, 2024, *prior* to the Petition Date, Owner terminated the Management Agreement via written notice to Common Living (the "Termination Notice"). A true and correct copy of the Termination Notice is attached here as **Exhibit D**.

7.      So Debtor could perform its duties as manager of the Property, two bank accounts were established in Owner's name through which all rents and expenses were handled at JPMorgan Chase Bank ("Chase" or "Bank") (as successor-in-interest to First Republic Bank) as follows: (1) Common Living Inc. FBO 808, The 808 Development LLC, X5950 (DACA

Account); and (2) Common Living Inc. FBO The 808 Development LLC (X9495) (Operating Account) (together, the "Bank Accounts"). Thompson Affidavit, Exhibit B at ¶ 4.

8. The Bank Accounts are titled in Owner's name and owned by Owner. The Debtor, however, is currently the only signatory on the Bank Accounts, despite the fact that the Bank Accounts are titled in Owner's name. *Id.* at ¶ 5.

9. As part of Debtor's normal management duties, it accessed the Bank Accounts to manage the Property (i.e., receive rents and pay bills). *Id.* at ¶ 6.

10. However, because Owner terminated the Management Agreement prior to the Petition Date, Debtor ceased its duties – including accessing the Bank Accounts and paying bills – prior to the Petition Date. *Id.* at ¶¶ 6-7.

11. Debtor (properly) did not list the Bank Accounts as an asset in its bankruptcy schedules. *See* Dkt Nos. 111 & 137.

12. Owner has tendered new signature cards to Bank designating new authorized signatories for the Bank Accounts, including Dennis Thompson and Daniel Rezko, the Owner's co-managers and members.

13. To date, Chase, in an abundance of caution, has not processed the new signatory cards for the Bank Accounts.

14. As a result, Owner has been denied access to the Bank Accounts, which in turn has impeded its ability to manage the Property, and in turn places the tenants in potential peril. Thompson Affidavit, Exhibit B at ¶ 8.

15. The Bank Account do not hold, and have never held, any security deposits or tenant funds. *Id.* at ¶ 9.

**LEGAL ANALYSIS**

16. Movant submits that the Court should lift the automatic stay to authorize the Bank to process additional signatory cards for the Bank Accounts as submitted by Owner. Otherwise, the Owner will suffer immediate and significant harm if the relief requested herein is not granted as it will be denied access to its Bank Accounts.

**I.    Standard for Relief from the Automatic Stay.**

17. A bankruptcy filing imposes an automatic stay against any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. *See* 11 U.S.C. § 362(a)(1), (a)(4). Section 362(d)(1) of the Bankruptcy Code provides that the Court shall terminate the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," so courts must "consider what constitutes cause based on the totality of the circumstances in each case." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

18. "The party seeking relief from the automatic stay bears the burden of establishing a *prima facie* case of cause." *In re Ashcraft*, No. 20-12725 (BLS), 2024 WL 1986078, at *2 (Bankr. D. Del. May 3, 2024). "The movant may establish cause by showing that the balance of hardships from not obtaining relief tips significantly in its favor." *Id.* The Delaware Bankruptcy Court has developed a three-prong test to determine whether to grant relief from the stay: (i) whether any great prejudice to either the bankrupt estate or the debtor will result from a lifting of the stay; (ii) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and the probability of the creditor prevailing on the merits. *In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

## II.  Cause Exists to Terminate the Automatic Stay Under 11 U.S.C. § 362(d)(1).

19. Great prejudice would clearly result to Owner if it is continued to be denied access to the Bank Accounts. It needs access to its money to pay bills and manage the Property.

20. In contrast, there is no prejudice to Debtor since it has no ownership in the Bank Accounts (and since the Management Agreement was terminated prior to the Petition Date).

21. The balancing of hardship also militates in favor of lifting the stay. The Debtor has filed for Chapter 7 and no longer has an operational business.

22. Conversely, the Owner owns the subject property and has a vested interest in maintaining its value, both intrinsically and on the marketplace vis-à-vis tenants. If the automatic stay remains in place, the Movant will be denied access to funds from rents previously collected.

23. Though neither the Debtors nor Trustee has asserted any interest in the Bank Accounts, modifying the stay does not prevent Debtors, Trustee, or any third party from claiming an interest in the Bank Accounts, which rights are preserved.

24. For these reasons, Movant submits that cause exists to lift the automatic stay to permit Owner access to the Bank Accounts.

## III.  Waiver of the 14 Day Stay Imposed Under Bankruptcy Rule 4001(a)(3).

25. Bankruptcy Rule 4001(a)(3) provides that an "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). Continuance of the automatic stay does not serve any purpose other than to delay the owner's access to the Bank Accounts, and thereby further increase the likelihood of harm to

Owner. This is not a case where granting relief from the stay will create enormous consequences for the parties involved or dictate the success or failure of the entire bankruptcy case. *See* 9 Collier on Bankruptcy P 4001.05 (16th 2023) (circumstances where 14- day state is imposed). Thus, this Court should waive the 14-day stay imposed under Bankruptcy Rule 4001(a)(3).

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Motion has been made to this or any other Court.

27.     The Motion was shared with Trustee's counsel prior to filing, and it did not state any objection to the Motion.

## NOTICE

28.     Movant will provide ECF notice of this Motion to: (a) counsel for the Debtor; (b) the Chapter 7 Trustee; (c) the United States Trustee; (d) all Property Owners and (e) all parties requesting notices. Pursuant to Local Rule 4001-1, and based on the relief sought herein, Movant submits that such notice is sufficient.

**WHEREFORE**, Movant respectfully requests entry of the Proposed Order (i) granting relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to permit Owner access to the Bank Accounts, (ii) waiving the 14-day stay imposed under Bankruptcy Rule 4001(a)(3), and (iii) granting any related relief.

DATE: August 16, 2024                          **GINSBERG JACOBS, LLC**

   */s/ William Choslovsky*
   William Choslovsky
   Ginsberg Jacobs, LLC
   300 South Wacker Drive, Suite 2750
   Chicago, Illinois 60606
   (312) 660-9611

   *Attorney for the 808 Development LLC*