# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Common Living, Inc., *et al.*, | Case No. 24-11130 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) ESTABLISHING PROCEDURES FOR CLOSING OR
TRANSITIONING BANK ACCOUNTS FOR THE BENEFIT OF CERTAIN
PROPERTY OWNERS, (II) GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of JPMorgan Chase Bank, N.A. ("JPMC") for entry of an order (this "Order") (i) approving the FBO Account Procedures, (ii) granting JPMC limited relief from the automatic stay to the extent necessary to effectuate the FBO Account Procedures, and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: CLI Cypress LLC (3578), CLI Elmwood LLC (8150), Common Kin LLC (7483), Common Living, Inc. (7483), Common Management Co. (8014), Common TRS Inc. (8014), Mily Families Inc. (7190), and CLI Clifton LLC (2795).

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion.

RLF1 32333007v.1

appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The FBO Account Procedures set forth below are hereby approved:

   a. **Small Balance Accounts**: With respect to the FBO Accounts (the "Small Balance Accounts") with a balance of less than $1,750.00 (the "Threshold Amount"), upon entry of this Order (i) the automatic stay shall be deemed modified to the extent necessary to allow JPMC to close such accounts in accordance with the Bank Account Agreements; and (ii) JPMC is authorized, but not directed, to transfer the remaining funds in the Small Balance Accounts (*via* check or other appropriate means on terms to be determined by JPMC in its discretion) to the applicable Property Owner.

   b. **Large Balance Accounts**. With respect to the FBO Accounts with a balance that exceeds the Threshold Amount (the "Large Balance Accounts"):

      i. In response to a request from a Property Owner to JPMC, or as the result of outreach by JPMC to a Property Owner who is believed to be the owner of the funds (e.g., based on the Property Owner entity identified in the FBO Account title) in a Large Balance Account, each Property Owner shall provide JPMC with: (i) a signed declaration under penalty of perjury that they are the owner of the funds in the applicable Large Balance Account and the applicable real property(ies) (the "Subject Properties") to which the applicable Large Balance Accounts relate; (ii) the names of the designated account signers for the Property Owner on the Large Balance Accounts; and (iii) a list of tenants at the Subject Properties (the "Tenants").

    ii. JPMC and the applicable Property Owners shall use the information obtained from the Property Owners to complete a form of notice, substantially in the form attached hereto as **Exhibit 1** (the "Large Balance Account Notice"), which shall include: (i) basic information regarding the Chapter 7 Cases, (ii) the name of the applicable Property Owner, (iii) the account title and the last 4 digits of the Large Balance Accounts to be transitioned to the applicable Property Owner, and (iv) the address(es) of the Subject Properties. The Large Balance Account Notice for each Property Owner, once completed, shall be filed on the docket of Common Living's Chapter 7 Case by JPMC and JPMC shall arrange for service of the Large Balance Account Notice on Trustee Miller, all parties in interest that filed a notice of appearance in the Chapter 7 Cases, the other Property Owners identified on the Property Owner List or subsequently identified by JPMC, and the Tenants at the applicable Subject Property (collectively, the "Notice Parties").

    iii. The Large Balance Account Notice shall establish a deadline, which shall be 21 days after the filing and service of the Large Bank Account Notice, to object to the transition of the applicable Large Balance Accounts to the applicable Property Owner (the "Objection Deadline").

    iv. If no objection is filed prior to the Objection Deadline, or if an objection is filed and resolved, JPMC is directed to (i) remove all existing authorized persons and account signers designated for the applicable Large Balance Account; (ii) remove all debit blocks directed by Trustee Miller on the applicable Large Balance Account; and (iii) add the applicable Property Owner as the authorized person on the Large Balance Account, who will be authorized to provide payment instructions, directions and otherwise transact on such account upon the direction of the authorized persons (the "Account Signers") provided to JPMC by the applicable Property Owner; *provided, however,* that prior to JPMC transitioning the applicable Large Balance Accounts to the applicable Property Owners, the Accounts Signers shall: (x) provide JPMC with a completed Business Signature Card with specimen signatures and Core Signer Authorization document, as well as supporting identification for such authorized Account Signers to enable them to transact on the applicable Large Balance Accounts; and (y) work with JPMC to provide any supplemental documentation JPMC may request in order to provide such Account Signers with additional account maintenance, services or on-line access (should such access be requested by the applicable Property Owner) and to satisfy any bank regulatory and/or compliance requirements (such as "know your customer" (KYC)).

    v. In addition, if no objection is filed prior to the Objection Deadline, or if an objection is filed and resolved, subject to the applicable Property Owner complying with the requirements in the foregoing paragraph, JPMC is authorized to accept and honor any payment instructions, directions, and other transaction requests received from the Account Signers of the applicable Property Owners with respect to the applicable Large Balance Accounts in accordance with existing processes, procedures and the governing bank account/treasury services documentation and, notwithstanding anything in a Large Balance Account Notice, the Motion, or this Order to the contrary, JPMC shall not be liable to any party on account of: (i) following such payment instructions, directions or other transaction requests; or (ii) any innocent mistake made in connection therewith despite implementation of reasonable handling procedures.

    vi. If an objection to any Large Balance Account Notice is timely filed and cannot be consensually resolved, JPMC shall schedule a hearing in the Chapter 7 Cases with respect to such objection.

    vii. If after 60 days after JPMC and/or Trustee Miller first attempt to contact a Property Owner in writing using the contact information in the Property Owner List or such other contact information identified by JPMC to transition the applicable Large Balance Accounts to such Property Owner, the Property Owner fails to respond or cooperate with JPMC to complete the Large Balance Account Notice and serve the Large Balance Account Notice on the Notice Parties, the automatic stay shall be modified to the extent necessary to permit JPMC to take all steps required so that the funds in such accounts may be interplead with a court or escheated in accordance with applicable non-bankruptcy law.

3.      Trustee Miller's rights to seek the turnover of any monies owed to the Debtors' estates, including, without limitation, any management fees, by any Property Owner that receives any funds from an FBO Account are expressly preserved. To the extent any funds in and FBO Account transferred pursuant to the FBO Account Procedures do not belong to a Property Owner that receives any funds in such accounts, the owner of such funds may seek an appropriate remedy from such Property Owner.

5

4.        The automatic stay of section 362(a) of the Bankruptcy Code is modified to the extent necessary to effectuate the FBO Account Procedures.

5.        JPMC is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

6.        The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## Exhibit 1

RLF1 32333007v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Common Living, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11130 (LSS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:** [●] |

**NOTICE OF PROPOSED TRANSITION OF FBO ACCOUNT FROM**
**COMMON LIVING, INC. TO [NAME OF PROPERTY OWNER]**

On May 31, 2024 (the "Petition Date"), Common Living, Inc. ("Common Living") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On June 3, 2024, George L. Miller ("Trustee Miller,") was appointed as the chapter 7 trustee in each of the Debtors' chapter 7 cases (the "Chapter 7 Cases"). Since the commencement of the Chapter 7 Cases, the Debtors have ceased operations and Trustee Miller is focused on winding down the Debtors' bankruptcy estates in accordance with his duties under the Bankruptcy Code.

Prior to the Petition Date, the Debtors entered into a management agreement (the "Management Agreement") with [name of Property Owner] (the "Property Owner"), pursuant to which the Debtors provided certain services to the Property Owner including, among other things, collecting rents from tenants and making payments on behalf of the Property Owner (the "Property Management Services") with respect to the following real estate properties (the "Subject Properties"):



| **Property Address** |
|---|
| |

To facilitate the Debtors' performance of the Property Management Services, Common Living maintained numerous bank accounts at JPMorgan Chase Bank, N.A. ("JPMC"), including, among other accounts, the following bank accounts (the "Subject Accounts"):

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: CLI Cypress LLC (3578), CLI Elmwood LLC (8150), Common Kin LLC (7483), Common Living, Inc. (7483), Common Management Co. (8014), Common TRS Inc. (8014), Mily Families Inc. (7190), and CLI Clifton LLC (2795).

| Account Name | Last Four Digits of Account Number |
|---|---|
|  |  |

On February [●], 2025, the Court entered an order [Docket No. [●]] (the "FBO Account Procedures Order"), which established certain procedures pursuant to which, among other things, JPMC may transition the Subject Accounts to the Property Owner. A copy of the FBO Account Procedures Order is attached to this notice (this "Notice") as Exhibit A hereto.

You are receiving this Notice because you are or may be a Notice Party (as defined in the FBO Account Procedures Order), possibly because you are or may have been a tenant at one or more of the Subject Properties. In the event you have a basis to assert an interest in the Subject Accounts and would like to contest the transition of the Subject Accounts to the Property Owner pursuant to the FBO Account Procedures Order, you are required to file an objection (an "Objection") to this Notice with the Court, 824 North Market Street, Wilmington, Delaware 19801 by no later than [DATE] (the "Objection Deadline"). In addition, you are required to serve such Objection on (i) counsel to JPMC, Richards, Layton & Finger, P.A., 920 North King St., Wilmington, Delaware 19801, Attn: Zachary I. Shapiro and James F. McCauley (emails: shapiro@rlf.com and mccauley@rlf.com); and (ii) counsel to Trustee Miller, Bielli & Klauder, LLC, 1204 North King Street, Wilmington, Delaware 19801, Attn: Thomas Bielli (email: tbielli@bk-legal.com). If an Objection to this Notice is timely filed and cannot be resolved, the Court will schedule a hearing regarding this Notice and such Objection.

**IN ACCORDANCE WITH THE FBO ACCOUNT PROCEDURES ORDER, IF NO OBJECTIONS TO THIS NOTICE ARE TIMELY FILED, JPMC IS AUTHORIZED TO TRANSITION THE SUBJECT ACCOUNTS TO THE PROPERTY OWNER WITHOUT FURTHER NOTICE AND A HEARING, AND JPMC SHALL HAVE NO LIABILITY TO ANY PARTY ARISING FROM SUCH TRANSITION, INCLUDING, WITHOUT LIMITATION, THE TRANSFER OF ANY FUNDS IN THE SUBJECT ACCOUNT TO THE PROPERTY OWNER.**

Dated:  [Month] [Date], 2025
        Wilmington, Delaware

 /s/ Draft
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
E-mail: shapiro@rlf.com

*Counsel for JPMC*

# Exhibit A

**FBO Account Procedures Order**