IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Common Living, Inc., *et al.*,[1] | Case No. 24-11130 (LSS) |
| Debtors. | *Jointly Administered* |
| | Re D.I. **279** |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SHARING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITORS PROVIDING FOR, AMONG OTHER THINGS, (I) THE TRUSTEE'S SALE OF THE DEBTORS' ASSETS AND SECURED CREDITORS' COLLATERAL; (II) THE SPECIFIED CARVE-OUT FROM THE SECURED CREDITOR'S LIENS; AND (III) RELATED RELIEF**

Upon consideration of the *Chapter 7 Trustee's Motion for Approval of Sharing Agreement Between the Chapter 7 Trustee and Secured Creditors Providing for, Among Other Things, (I) the Trustee's Sale of the Debtors' Assets and Secured Creditors' Collateral; (II) the Specified Carve-Out from the Secured Creditors' Collateral; and (III) Related Relief* (the "Motion"),[2] and the Declaration of the Chapter 7 Trustee in support of the Motion, and the Court having reviewed the Motion and having heard the statements of counsel in support of the requested relief at a hearing on the Motion; the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; notice of the Motion and the hearing having been appropriate under the circumstances; and after due deliberation and cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Common Living, Inc. (7483); CLI Cypress LLC (3578); CLI Elmwood LLC (8150); Common Kin LLC (7483); Common Management Co (8014); Common TRS Inc. (8014); Mily Families Inc. (7190); CLI Clifton LLC (2795).

[2] Unless otherwise defined herein, capitalized terms shall have the meanings given in the Motion.

1.      The Motion is GRANTED as set forth herein.

2.      The Sharing Agreement attached hereto as Exhibit "1" (the "<u>Sharing Agreement</u>"), and incorporated herein, is hereby APPROVED.

3.      The Trustee and the Prepetition Secured Creditors are authorized to take any and all actions necessary to implement the Sharing Agreement in accordance with the terms and conditions set forth in the Sharing Agreement.

4.      The Debtors are indebted to the Prepetition Secured Creditors in the aggregate amount of the Prepetition Secured Creditors' Claim Amounts.  The Obligations constitute legal, valid, binding obligations of the Estates, enforceable in accordance with their terms, and such claims shall be allowed in the Bankruptcy Cases.  Such claims are secured by valid, enforceable, perfected, and non-avoidable priority security interests and liens on the Collateral.

5.      The terms and provisions of this Order and the Sharing Agreement shall (i) be binding upon and inure to the benefit of the Prepetition Secured Creditors, the Trustee, the Debtors, all creditors and equity interest holders of the Debtors, all other parties in interest, and all of their respective successors and assigns (including any trustee hereafter appointed or elected under the Bankruptcy Code for the estate of any of the Debtors or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and (ii) bind any trustee hereafter appointed for the estate of any of the Debtors, under any chapter of the Bankruptcy Code.

6.      This Order shall take effect and be fully enforceable immediately upon entry. Notwithstanding any Bankruptcy Rule or other applicable law, there shall be no stay of execution or effectiveness of this Order.

**Dated: February 21st, 2025**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

3