# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Common Living, Inc., *et al.,*<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11130 (LSS)<br>(Jointly Administered)<br><br>**Hearing Date: April 10, 2025 at 11:00 a.m. (ET)**<br>**Objection Deadline: April 4, 2025 at 4:00 p.m. (ET) (by agreement)**<br><br>**Re: Docket No. 281** |

**OBJECTION OF CHAPTER 7 TRUSTEE GEORGE L. MILLER TO THE MOTION OF JPMORGAN CHASE BANK, N.A. FOR ENTRY OF AN ORDER (I) ESTABLISHING PROCEDURES FOR CLOSING OR TRANSITIONING BANK ACCOUNT FOR THE BENEFIT OF CERTAIN PROPERTY OWNERS, (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

George L. Miller ("**Trustee**"), the Chapter 7 Trustee for the bankruptcy estates (the "**Bankruptcy Estates**") of CLI Cypress LLC, CLI Elmwood LLC, Common Kin LLC, Common Living, Inc., Common Management Co., Common TRS Inc., Milly Families Inc., and CLI Clifton LLC (collectively, the "**Debtors**"), hereby files this objection (the "**Objection**") to the Motion of JPMorgan Chase Bank, N.A. ("**Movant**") for (i) entry of an order establishing procedures for closing or transitioning bank account for the benefit of certain property owners, (ii) granting limited relief from the automatic stay in connection with certain bank accounts, and (iii) related relief and in opposition hereof, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. Movant is the successor in interest to First Republic Bank ("**First Republic**") which was the banking institution where the Debtors maintained certain account of the Debtors and accounts for the benefit of third-party property owners ("**FBO Accounts**"). Movant has

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: CLI Cypress LLC (3578), CLI Elmwood LLC (8150), Common Kin LLC (7483), Common Living, Inc. (7483), Common Management Co. (8014), Common TRS Inc. (8014), Mily Families Inc. (7190), and CLI Clifton LLC (2795).

asserted that the FBO Accounts were redocumented pursuant to the Movant's account terms on May 23, 2024. The transfer of FBO Accounts from First Republic occurred just before the Debtors' petition date. The accounts were used by the Debtors to collect rent and make payments on behalf of certain property owners pursuant to various agreements. At the request of the Trustee, Movant put a debit hold on the FBO Accounts preventing post-petition transactions. Since the first days of these cases, the Trustee has taken the position that there may be comingling by and between these accounts and other accounts associated with these Debtors. During the course of these bankruptcies, the Trustee has been analyzing the FBO Accounts in conjunction with certain property owners' request for release of those accounts. When those accounts are released, the Trustee has reserved all rights as to any funds owed to the Estates, including any funds owed because of any commingling.

2. Movant has indicated that out of the over 100 FBO Accounts, less than half, approximately 50 FBO Accounts remain unaddressed. Movant has proposed procedures to automatically close approximately 30 FBO Accounts which they have designated as small balance accounts, accounts with a balance of less than $1,750.00. The Movant has also proposed procedures for the remaining FBO Accounts which they have designated as large balance accounts.

3. While some of FBO Accounts have been reviewed and dealt with during these bankruptcy proceedings, the Trustee does not yet have sufficient documentation to perform the analysis of the remaining accounts. The Trustee agrees that the FBO Accounts should be distributed to the appropriate parties, however, the Trustee has great concern over the remaining accounts, due to pre-petition commingling and rights to offset.

4. Further, it is the Trustee position that he is in the best position to implement procedures to review and analyze the accounts, and the pre-petition commingling, and to distribute the remaining accounts to the appropriate parties. Thus, the Movant should be required to transfer

the accounts to the Trustee for proper review, analysis, and administration in connection with these bankruptcy proceedings.

### BACKGROUND

5.  On May 31, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 7 of Title 11 of the Bankruptcy Code.

6.  The date for creditors, who are non-governmental agencies, to file proof of claim in the bankruptcy cases is October 28, 2024 ("**Bar Date**").

7.  According to information and bank records provided to the Trustee, the Debtors maintained certain accounts, approximately three (3) accounts, that received payments from tenants, which monies were comingled and then transferred to separate accounts for the benefit of property owners to pay expenses.

8.  The FBO Accounts were transferred by First Republic to Movant just before the Debtors' petition date.

9.  Movant maintains approximately 50 segregated FBO Accounts and seeks relief from the automatic stay to release the third parties.

10. The Trustee hereby opposed the Movant's requested relief and made demand for the turnover of the FBO Accounts. The Trustee contends that the FBO Accounts should be turned over to him for proper administration in these bankruptcy proceedings.

### OBJECTION

11. The Movant seeks an order establishing procedures which it believes will facilitate the transition and closure of certain bank account designated as FBO Accounts held in the name of the Debtors for the various property owners and relief from the stay to implement the procedures.

12. The Trustee is cautious to allow the Movant to control this process as the procedures dictate. The Trustee is in a better position to determine the best way to review and analyze the accounts and insure the appropriate party receives the funds.

13. The accounts were transferred from the Debtors' original bank First Republic to the Movant as a result of an FDIC-sponsored bailout. Movant "redocumented the accounts under JPMC's Account terms on May 23, 2024. Some of the FBO Accounts may have been closed subsequent thereto."[2]

14. In order to ensure that the funds in the accounts are properly accounted for and then distributed appropriately, the Trustee must review the pre-petition transactions and transfers of the original bank and determine the validity of the transfer of the account to the Movant.

15. The Movant's procedures for release of the funds is premature and not necessary – because this is a task best suited for the Trustee - and will expose the Trustee to liability for the any account that is closed and the moneys misappropriately transferred to a third party.

16. As of this date, no property owners have come forward regarding the remaining FBO Accounts.

17. The Movant's streamlined procedures may not afford affected parties due process and the Movant's information may be inaccurate. Thus, permitting the Movant to make transfers unless a party object within a short time frame is prejudicial to the parties in interest. Some parties may not receive adequate notice or may not have the resources to respond within the short timeframe. Moreover, the process as proposed by the Movant would unduly shift the burden onto the interested parties to assert their rights.

---

[2] See Motion at footnote 4.

18. As stated by the Trustee since the first days of these cases, the funds currently on deposit may have been commingled and subject to estate claims. Movant has failed to show sufficient cause to grant relief from the automatic stay at this stage of the proceeding. The Trustee should be provided enough time and an opportunity to continue his investigation before any distributions occur. Moreover, the automatic stay should remain in effect to prevent the Movant's actions that could and will disrupt the orderly administration of the bankruptcy estate.

19. As the Trustee has addressed with the Court throughout these proceedings, the property owners may not be the rightful owners of the funds due to the prior commingling, or if there is any other dispute regarding the source or proper allocation or setoff of the funds. To the extent that there was commingling, there may be estate claims, or other creditors may have a right to the funds. Any procedures must have a mechanism for resolving competing claims before the funds are transferred to third parties.

20. Lastly, the Movant seeks to shield itself from liability related to the transfer of funds. However, if the Movant was to improperly distribute funds, and claims are asserted by the affected parties, blanket immunity is inappropriate.

21. It is premature to permit the Movant to exercise its non-bankruptcy rights with respect to the FBO Accounts. Turning over of the remaining FBO Accounts, other than to the Trustee, at this stage of the bankruptcy proceeding would be premature and could expose the Trustee to liability to third parties.

22. There has been no definitive court order that funds are not property of the estate. Thus, at a minimum, the remaining FBO Accounts should be closed and transferred to the Trustee, who can then determine who is entitled to the funds, and make the appropriate transfers, if any.

23. The Movant failed to meet its burden to provide sufficient facts to demonstrate that cause exists for relief from the automatic stay. Thus, the Motion must be denied, and the accounts must be turned over to the Trustee to be appropriately administered.

**WHEREFORE,** Trustee respectfully requests that the Court enter a proposed order denying the Motion, and granting such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **BIELLI & KLAUDER, LLC** |
| Dated: April 4, 2025<br>Wilmington, Delaware | */s/ David M. Klauder*<br>David M. Klauder, Esquire (No. 5769)<br>1204 N. King Street<br>Wilmington, Delaware 19801<br>Phone: (302) 803-4600<br>dklauder@bk-legal.com<br><br>*Counsel to George L. Miller Chapter 7 Trustee for the Bankruptcy Estates of Common Living, Inc., et al.,* |