## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Common Living, Inc., *et al.*, | Case No. 24-11130 (LSS) |
| Debtors.[1] | (Jointly Administered) |

## ORDER APPROVING STIPULATION GRANTING RELIEF
## FROM THE AUTOMATIC STAY

Upon consideration of the Stipulation Granting Limited Relief from the Automatic Stay (the "**Stipulation**"), entered into by and among Anna Glowa, on the one hand, and the Trustee, on the other hand, a copy of which is attached hereto as **Exhibit 1**, and the related Certification of Counsel Regarding Proposed Order Approving Stipulation Granting Anna Glowa Limited Relief from the Automatic Stay; and having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined that the agreements set forth in the Stipulation are in the best interests of the estates, its creditors and other parties in interest; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.    The Stipulation attached to this Order as **Exhibit 1** is hereby APPROVED.

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: CLI Cypress LLC (3578), CLI Elmwood LLC (8150), Common Kin LLC (7483), Common Living, Inc. (7483), Common Management Co. (8014), Common TRS Inc. (8014), Mily Families Inc. (7190), and CLI Clifton LLC (2795).

2.    The Automatic Stay is hereby modified solely to the extent set forth in the Stipulation. Except as set forth in the Stipulation, the Automatic Stay shall remain in full force and effect.

3.    This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order or the Stipulation.

4.    This Order and the Stipulation shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

4921-9509-1791, v. 1

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

Dated:  August 12, 2025
Wilmington, Delaware

# **EXHIBIT 1**

## **Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Common Living, Inc., *et al.*, | Case No. 24-11130 (LSS) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY**

George L. Miller ("**Trustee**"), the Chapter 7 Trustee for the bankruptcy estates of CLI

Cypress LLC, CLI Elmwood LLC, Common Kin LLC, Common Living, Inc., Common

Management Co., Common TRS Inc., Milly Families Inc., and CLI Clifton LLC (collectively, the

"**Debtors**") and Anna Glowa (the "**Claimant**" and together with the Trustee, the "**Parties**"),

through their undersigned counsel, hereby enter into this stipulation (the "**Stipulation**") as follows:

WHEREAS, on or about January 2, 2024, Claimant filed a personal injury complaint in the

Superior Court of the State of California, Los Angeles County – Central District against the Debtor,

Common Management Co. captioned: *Anna Glowa, Plaintiff v. MDR L&M Apartments, LLC, a*

*limited liability company,; Common Management Co., a corporation; and DOES 1 through 50*

*inclusive, Defendants, Case No. 24SMCV00010* (the "**Cause of Action**");

WHEREAS, on May 31, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions

for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

---

[1] The Debtors, together with the last four digits of each of the Debtor's federal tax identification number, are: CLI
Cypress LLC (3578), CLI Elmwood LLC (8150), Common Kin LLC (7483), Common Living, Inc. (7483), Common
Management Co. (8014), Common TRS Inc. (8014), Mily Families Inc. (7190), and CLI Clifton LLC (2795).

"**Bankruptcy Code**") in the United States Bankruptcy Court of Delaware (the "**Bankruptcy Court**");

WHEREAS, upon the filing of the Debtors' chapter 7 petitions, the automatic stay (the "**Automatic Stay**") of section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors, including the Claimant's ability to pursue the Cause of Action;

WHEREAS, the Claimant subsequently requested that the Trustee consent to the Bankruptcy Court's entry of an order modifying the Automatic Stay, to allow the Claimant to prosecute the Cause of Action;

WHEREAS, the Trustee and the Claimant entered into negotiations to address the Claimant's request to modify the Automatic Stay to permit the Claimant to pursue the Cause of Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by the Claimant in connection with the Cause of Action solely from any insurance proceeds ("**Insurance Proceeds**") available under any applicable insurance policies (an "**Insurance Policy**"), if any;

WHEREAS, the Trustee has agreed to the modification of the Automatic Stay to enable the Claimant to seek recovery on account of the Cause of Action solely from the Insurance Proceeds, solely to the extent provided herein; and

WHEREAS, through their counsel, the Parties have conferred and engaged in negotiations with respect to the Claimant's request and have resolved, as provided for herein, the issues raised by such request without the need for motion practice.

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING PREMISES, THE MUTUAL COVENENATS HEREIN CONTAINED, AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS**

**HEREBY ACKNOWLEDGED BY ALL PARTIES, THE PARTIES HERETO AGREE TO THE FOLLOWING TERMS, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT:**

1.      The Automatic Stay is modified solely to the extent necessary to permit the Claimant to access any Insurance Proceeds in relation to the Cause of Action.

2.      The Trustees make no representation as to the existence or availability of any insurance coverage or insurance policies, the amount of coverage, or the likelihood of recovery against any such insurance policies, if any.

3.      Any and all proofs of claim filed or to be filed by the Claimant in these chapter 7 cases relating to the Cause of Action are and will be disallowed and expunged for all purposes, and the Claimant shall not be entitled to receive any distributions from any of the Debtors, their estate, or any successors in its chapter 7 cases, on account of or related to the Cause of Action.

4.      The Claimant shall not have an allowed claim (as defined in section 101(5) of the Bankruptcy Code) pursuant to section 502 of the Bankruptcy Code based upon the Cause of Action (or any claims related thereto) against any of the Debtors and shall not be entitled to any distributions from the Debtors, their estates, or any successors, whether under any plan of reorganization or otherwise on behalf of such claim; provided that, to the extent the Insurance Policies are unable to satisfy a judgment or other disposition with respect to the Cause of Action, the Claimant agrees that any such unsatisfied portion, which could otherwise be considered a general unsecured claim in the Debtors' chapter 7 cases, is hereby fully and finally waived and forever released and the Claimant shall not otherwise engage in any efforts to collect any amount from the Debtors, their estates, or its successors based upon the Cause of Action or any claims related thereto.

5.      Noting herein: (i) alters, amends or otherwise modifies the terms and conditions of the Insurance Policy or of any related agreements; (ii) relieves the Debtors of any of their obligations under the Insurance Policy and any related agreements; (iii) creates or permits a direct right of action by the Claimant against any of the Debtors' insurers; (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under the Insurance Policy or to otherwise assert any defenses to coverage; or (v) constitutes a determination or admission that coverage exists with respect to the Cause of Action. For the avoidance of doubt, the Automatic Stay is also lifted, if and to the extent applicable, to allow, but not to require, the Debtors' insurers to administer, handle, defend, settle, and/or pay the claims asserted in the Action (and any costs related thereto) subject to and in accordance with the terms of the Insurance Policy.

6.      This Stipulation shall not become effective unless and until it is approved and entered by the Court.

7.      By entering into this Stipulation and Order, the Debtors and Trustee are not waiving any defenses at law or in equity, including as to the Cause of Action or any claims related thereto.

8.      Neither the Stipulation and Order nor any negotiations and writings in connection with this Stipulation and Order shall in any way be construed as or deemed to be evidence of an admission on behalf of any of the Parties regarding any, without limitation, claim, counterclaim, cause of action, right, and defense that any of the Parties may have against any of the other Parties.

9.      This Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

10. This Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Bankruptcy Court.

11. This Stipulation and Order contains the entire agreement by and between the Trustee and the Claimant with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Order.

12. Each of the undersigned counsel represents that she or he is authorized to execute this Stipulation and Order on behalf of her or his respective client.

13. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

14. The Parties are authorized to take all actions to effectuate the relief by this Stipulation and Order.

15. The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order.

STIPULATED and AGREED to this _____ day of August, 2025.

OFFIT KURMAN, PA                              BIELLI & KLAUDER, LLC


_____                      _____
Brian J. McLaughlin                           David M. Klauder
Offit Kurman, P.A.                            Bielli & Klauder, LLC
222 Delaware Avenue, Suite 1105               1204 N. King Street
Wilmington, DE 19801                          Wilmington, DE 19801
(302) 351-0900                                (302) 803-4600
Brian.McLaughlin@offitkurman.com              dklauder@bk-legal.com

*Attorneys for Claimant, Anna Glowa*                    *Attorneys for Trustee*