**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Common Living, Inc., *et al.,*[1] | Case No. 24-11130 (LSS) |
| Debtors. | *Jointly Administered* |
| | **Hearing Date: September 10, 2026 @ 10:00 a.m. (ET)**<br>**Objection Deadline: August 14, 2026 @ 4:00 p.m. (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) FINDING THAT ANA GLOWA, MITCHELL ROSENWEIG, ESQUIRE, MICHAEL E. SCHWINER, ESQUIRE, AND SCHWINER WEINSTEIN LLP VIOLATED THE AUTOMATIC STAY BY FILING A MOTION FOR SANCTIONS AGAINST COMMON MANAGEMENT CO., (II) IMPOSING SANCTIONS AGAINST ANA GLOWA, MITCHELL ROSENWEIG, ESQUIRE, MICHAEL E. SCHWINER, ESQUIRE, AND SCHWINER WEINSTEIN LLP FOR KNOWINGLY VIOLATING THE AUTOMATIC STAY, (III) DETERMINATION THAT THE STIPULATION GRANTING LIMITED RELIEF FORM THE AUTOMATIC STAY IS NULL AND VOID, AND (IV) DETERMINATION THAT ANY DECISIONS AND ORDERS ARE _VOID AB INITIO_**

George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned Debtors (the "Debtors"), requests entry of an order, substantially in the form attached hereto as Exhibit "A", (i) finding that Ana Glowa ("Plaintiff" or "Claimant"), Mitchell Rosenweig, Esquire, Michael E. Schwiner, Esquire, and Schwiner Weinstein LLP (collectively the "Plaintiff's Counsel") violated the automatic stay provisions of the Bankruptcy Code by improperly filing a motion for sanction against Common Management Co., (ii) imposing sanctions against Plaintiff and Plaintiff's Counsel, (iii) determining that the Stipulation Granting Limited Relief form the Automatic Stay is Null and Void, and (iv)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Common Living, Inc. (7483); CLI Cypress LLC (3578); CLI Elmwood LLC (8150); Common Kin LLC (7483); Common Management Co (8014); Common TRS Inc. (8014); Mily Families Inc. (7190); CLI Clifton LLC (2795).

determining that any decisions and orders as a result of the violation are *void ab initio* (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought by this Motion is based upon sections 362(a)(2), (3) and (4) and 362(k) of title 11 of the United States Code (the "Bankruptcy Code") and has been filed in accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## BACKGROUND

3. On May 31, 2024 (the "Petition Date"), the Debtors commenced these jointly administered bankruptcy cases (collectively the "Bankruptcy Cases") by each filing voluntary petitions in this Court for relief under chapter 7 of the Bankruptcy Code.

4. On or about June 3, 2024, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee for the Debtors' Estates.

5. Prior to the Petition Date, on or about January 2, 2024, Plaintiff filed a personal injury complaint in the Superior Court of the State of California, Los Angeles County- Central District against the Debtor, Common Management Co. captioned: *Anna Glowa v. MDR L&M Apartments, LLC, a limited liability company; Common Management Co., a corporation; and DOES 1 through 50 inclusive* (collectively, the "Defendants"), Case No. 24SMCV00010 (the "Cause of Action").

6. Upon the filing of the Debtors' chapter 7 petitions, the automatic stay (the "Automatic Stay") of section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors, including the Plaintiff's ability to pursue the Cause of Action.

7. Plaintiff subsequently requested that the Trustee consent to the Bankruptcy Court's entry of an order modifying the Automatic Stay on a limited basis, to allow the Plaintiff to pursue the Cause of Action and seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution or right to payment obtained by the Claimant in connection with the Cause of Action solely from any insurance proceeds ("Insurance Proceeds") available under any applicable insurance policies (an "Insurance Policy"), if any.

8. The Trustee and Plaintiff entered into a stipulation, wherein the Trustee agreed to the modification of the Automatic Stay to enable the Plaintiff to seek recovery on account of the Cause of Action solely from the Insurance Proceeds, solely to the extent provided herein (the "Stipulation") **Exhibit B**.

9. The Stipulation specifically provides:

(1) **The Automatic Stay is modified solely to the extent necessary to permit the Claimant to access any Insurance Proceeds in relation to the Cause of Action**.
(3) Any and all proofs of claim filed or to be filed by the Claimant in these chapter 7 cases relating to the Causes of Action are and will be disallowed and expunged for all purposes, and the **Claimant shall not be**

**entitled to receive any distributions from any of the Debtors, their estate, or any successors in its chapter 7 cases, on account of or related to the Cause of Action**.

(4)     The Claimant shall not have an allowed claim (as defined in section 101(5) of the Bankruptcy Code) pursuant to section 502 of the Bankruptcy Code based upon the Cause of Action (or any claims related thereto) against any of the Debtors and shall not be entitled to any distributions from the Debtors, their estates, or any successors, whether under any plan of reorganization or otherwise on behalf of such claim; provided that, to the extent the Insurance Policies are unable to satisfy a judgment or other disposition with respect to the Cause of Action, the Claimant agrees that any such unsatisfied portion, which could otherwise be considered a general unsecured claim in the Debtors' chapter 7 cases, is hereby fully and finally waived and forever released and the Claimant shall not otherwise engage in any efforts to collect any amount from the Debtors, their estates, or its successors based upon the Cause of Action or any claims related thereto.

See Exhibit "B" (emphasis added).

10.     On or about August 12, 2025, the Bankruptcy Court entered an *Order Approving Stipulation Granting Limited Relief from the Automatic Stay* [DI 342] (the "Order") solely to the extent set forth in the Stipulation, and otherwise remained in full force and effect. See Exhibit "B".

11.     In response to an alleged discovery dispute in the Cause of Action, on or about July 6, 2026, Plaintiff filed a Motion to Sanctions[2] for monetary sanctions against the Debtor in the amount in excess of $4,125.00.

12.     On July 17, 2026, counsel for the Trustee sent a notice to Plaintiff indicating that the Motion was in violation of the Stipulation and her actions were in violation of the Automatic Stay.  See Exhibit "C".

13.     On July 17, 2026, Plaintiff responded, via email, that it intended to proceed with sanctions against the Debtor. See Exhibit "D".

---

[2] *Notice of Motion and Motion to Compel Responses to form Interrogatories, Set One; Request for Sanctions in the Amount of at Least $4,125.00 Against Defendant Common Management Co. and their Counsel Jointly and Severally; Memorandum of Points and Authorities in Support Thereof; Declaration of Mitch E. Rosensweig, Esq. with Exhibits* ("Motion for Sanctions")

14.     The Trustee files this Motion to protect its rights for the Plaintiff's willful violation of the Stipulation and § 362(a) of the Bankruptcy Code, and for sanctions pursuant 11 U.S.C. § 362(k).

## RELIEF REQUESTED

15.     By this Motion, the Trustee respectfully requests that the Court enter an order pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code (i) finding that Plaintiff and Plaintiff's Counsel violated the automatic stay provision of the Bankruptcy Code by filing the Motion for Sanction against the Debtor, (ii) imposing sanctions against Plaintiff and Plaintiff's Counsel for knowingly violating the automatic stay, (iii) determining that the Stipulation granting limited relief form the automatic stay is null and void, and (iv) determining that any decisions and orders entered as a result of the violation are *void ab initio*.

## BASIS FOR RELIEF REQUESTED

16.     By pursuing sanctions against the Debtor in violation of the automatic stay imposed by 11 U.S.C. § 362(a), Plaintiff and Plaintiff's Counsel engaged in conduct prohibited by the Bankruptcy Code, thereby subjecting themselves to liability under 11 U.S.C. § 362(k). Accordingly, any order, ruling, or other judicial action entered in the Cause of Action as a result of those prohibited acts is *void ab initio*.

17.     Section 362 of the Bankruptcy Code provides, in part, that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of - . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; . . ." 11 U.S.C. § 362. Moreover, damages, including costs and attorneys' fees, can be assessed against an

5

entity that willfully violates the automatic stay. *See* 11. U.S.C. § 362(k). Section 362(k) even provides for punitive damages in appropriate circumstances. 11 U.S.C. 362(k)(1).

18. Section 541 of the Bankruptcy Code defines property of the estate, *inter alia*, as "all legal or equitable interests of the debtor in property as of the commencement of the case", "any interest in property that the trustee recovers", and "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a).

19. The basis for Plaintiff's sanctions against the Debtor is an attempt to obtain possession of property of the estate and/or property from the estate in violation of section 362(a)(3) and the Stipulation. It also violates section 362(a)(4) because Plaintiff seeks to create a lien against property of the Debtor's estate.

20. Pursuant to the Stipulation, Plaintiff was only granted limited relief from stay to proceed against any applicable insurance, not assets of the Debtor's estate. Any monetary sanction sought against the Debtor is an attempt to obtain assets of the Debtor and thus violates the Stipulation.

21. The Plaintiff concedes that section 362(a) stays only proceedings against the debtor, yet Plaintiff brazenly filed a Motion for Sanctions against the Debtor, seeking an order for monetary damages, an award of damages against the Debtor specifically violates the Stipulation and falls squarely within the prohibited conduct of section 362(a): (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate. 11. U.S.C § 362(a).

6

22.     Seeking monetary sanctions against the Debtor is a direct act to obtain possession of property of the estate, or of property from the estate, and it is also an act to create a lien against property of the estate.

23.     It is abundantly clear that Plaintiff's Motion for Sanctions is an action against the Debtor and property of the debtor, in order to enforce its pre-petition claim against the Debtor, which would clearly be a violation of the automatic stay.  Plaintiff does not have relief from stay to proceed against the Debtor and Plaintiff's Motion for Sanction is nothing more than an end run around section 362(a) and the limited relief granted.

24.     Since the Plaintiff unilaterally violated the Stipulation, the Stipulation is null and void.

25.     The Trustee consented to limited relief from the automatic stay "**solely to the extent necessary to permit the Claimant to access any Insurance Proceeds in relation to the Cause of Action**".  See Exhibit B.  Any attempt by the Plaintiff to reclassify the relief granted is misplaced and thus outside the scoop of the Stipulation, exposing the Plaintiff and Plaintiff's Counsel to sanctions for willful violation of section 362(a) of the Bankruptcy Code.

26.     Since the Plaintiff and Plaintiff's Counsel willfully violated the automatic stay, sanctions against the Plaintiff and Plaintiff's counsel are appropriate and necessary.

**WHEREFORE**, Trustee respectfully requests that this Honorable Court enter an Order substantially in the form attached hereto, and grant all such other and further relief that the Court deems just and equitable.

Respectfully submitted:

**BIELLI & KLAUDER, LLC**

Dated: July 31, 2026
Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: 302-803-4600
dklauder@bk-legal.com

*Counsel to George L. Miller,*
*Chapter 7 Trustee*

8