**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Common Living, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11130 (LSS)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estates of Common Living, Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Defendants Listed on Exhibit "1,"<br><br>Defendants. | Adv. Proc. Nos. See Exhibit "1"<br><br>Hearing Date: September 10, 2026 at 10:00 a.m. (ET)<br>Objection Deadline: September 3, 2026 at 4:00 p.m. (ET) |

**SECOND OMNIBUS MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENTS**

George L. Miller, the Chapter 7 Trustee (the "Trustee") appointed in the above-captioned cases of *In re Common Living, Inc., et al.* (collectively referred to as the "Debtors"), by and through his undersigned counsel, pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") this Court for entry of an Order approving the settlements described herein, and respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Common Living, Inc. (7483); CLI Cypress LLC (3578); CLI Elmwood LLC (8150); Common Kin LLC (7483); Common Management Co (8014); Common TRS Inc. (8014); Mily Families Inc. (7190); CLI Clifton LLC (2795).

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019.

4. The Trustee consents to the entry of a final order on this Motion if it is determined that the Court, absent consent of the party, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On May 31, 2024, (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7, title of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), administered under Case No. 24-11130 (the "Cases").

6. On or about the June 3, 2024, George L. Miller was appointed as the Chapter 7 Trustee for the Debtors' Bankruptcy Estates.

7. With the assistance of his counsel and financial advisors, the Trustee has diligently sought to maximize the value of the Debtors' bankruptcy estates for the benefit of the Debtors' creditors, through *inter alia*, the pursuit of potential claims and prosecution of potential causes of action. Specifically, the Debtors' estates include certain claims and causes of action under sections 547 and 550 of the Bankruptcy Code.

8. On or about May 29, 2026, the Trustee filed complaints against various parties initiating the above-captioned adversary proceedings asserting that the parties received transfers of property of the Debtors (the "Transfers") subject to avoidance pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 547 and 550.

9. As a result of the complaints and subsequent negotiations, the Trustee has entered into settlements with various parties (the "Preference Parties").

## THE PROPOSED SETTLEMENTS

10. This Motion seeks approval of the settlements reached between the Trustee and the Preference Parties.

11. Specifically, the Trustee identified that the Transfers were subject to (a) avoidance pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 547 and 550, or (b) turnover pursuant to 11 U.S.C. § 542.

12. The Preference Parties asserted various defenses to the avoidance and recovery of the Transfers.

13. After careful review and consideration of each Preference Party's defenses, the Trustee agreed in principle to enter into settlements (the "Settlement Agreements") with the Vendors pursuant to which, *inter alia*: (i) the Preference Parties agreed to pay the Trustee on behalf of the Debtors' estates the amount indicated in the chart below; and (ii) the Trustee agreed to release its claims against each of the Preference Parties[2].

| Vendor | Transfers | Proposed Settlement Amount |
|---|---|---|
| Ernst & Young LLP | $53,149.00 | $35,000.00 |
| Brex Inc. | $697,790.92 | $15,000.00 |

## LEGAL STANDARD

14. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

[2] The terms of the Settlement Agreement between the Trustee and the respective Preference Party shall be governed by the documentation executed by the parties.

15. By this Motion, the Trustee seeks the entry of an order pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement Agreements. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Compromises and settlements are favored in bankruptcy. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Utilizing Bankruptcy Rule 9019, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate 'compromises are favored in bankruptcy.'" In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990) ("[C]ompromises are favored in bankruptcy and … much of litigation in bankruptcy estates results in settlements").

17. Pursuant to Bankruptcy Rule 9019, the authority to approve a compromise or settlement is within the sound discretion of the bankruptcy court. In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000); In re Key3Media Group, Inc., Case No. 03-10323, 2005 Bankr. LEXIS 2606, at *9 (Bankr. D. Del. October 7, 2005); In re Northwestern Corp., Case No. 03-12872, 2005 Bankr. LEXIS 367, at *11 (Bankr. D. Del. March 10, 2005); In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

18. When determining whether a compromise is in the best interests of the estate, the court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jasmine, 258 B.R. at 123 (quoting In re Martin, 91 F.3d at 393); In re Key3Media Group, 2005 Bankr. LEXIS 2606, at

*10-11; see also In re Nationwide Sports Distributors, Inc., 227 B.R. 455, 460 (Bankr. E.D. Pa. 1998) ("[I]n deciding whether to approve a particular compromise, courts utilize various criteria designed to achieve the objective of having the Trustee or debtor in possession act in [the] best interests of the estate"). To properly balance these values, the court should consider all factors "relevant to a full and fair assessment of the wisdom of the proposed compromise." In re Marvel Entertainment Group, 222 B.R. 243, 249 (D. Del. 1998) (quoting TMT Trailer Ferry, Inc., 390 U.S. at 424).

19. In deciding whether to approve or disapprove settlements, courts within the Third Circuit look to four primary factors: "(1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002) (citing Martin, 91 F.3d at 393).

20. Ultimately, "[t]he court is not supposed to have a "mini-trial" on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" Jasmine, 258 B.R. at 123 (quoting In re Neshaminy Office Building Assocs., 62 B.R. 798, 803 (E.D.Pa.1986)). Where this standard is satisfied, approval of the settlement is appropriate. See Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

**THE SETTLEMENT AGREEMENTS ARE IN THE BEST INTERESTS OF THE DEBTORS AND THE DEBTORS' ESTATES**

21. The Trustee respectfully submits that the Settlement Agreements are reasonable and beneficial to the Debtors' estates and their creditors. The ultimate outcomes of the Trustee's continued prosecution of his claims against the Preference Parties are, at this stage, uncertain,

and the costs of litigating these matters likely would be high. The sum that the Trustee will receive, in addition to the reduction of litigation costs, represent a significant financial benefit to the Debtors' estates. The Settlement Agreements confer an economic benefit on the Debtors' estates and avoids the expense, delay and uncertainty of a litigated resolution.

22. In arriving at the settlements, the Trustee has reviewed all of the potential defenses that the Preference Parties could assert to the Trustee's claims if the matter were to continue in litigation and, based on that review it is the Trustee's judgment that the Settlement Agreements are in the best interests of the Debtors' estates.

23. Accordingly, the Trustee respectfully submits that approval of the Settlement Agreements by the Bankruptcy Court is justified and appropriate under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## NOTICE

24. As of the date hereof, the Trustee has provided a copy of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Preference Parties and/or its counsel; and (iii) all parties which have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee submits that no other or further notice need be given.

25. No previous application for relief sought herein has been made to this or any other court.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Bankruptcy Court (i) enter an order, substantially in the form attached hereto (a) approving, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreements, and (b)

requiring the Preference Parties to immediately make the settlement payment as provided in the Settlement Agreements and (ii) grant such other and further relief as may be just and proper.

**BIELLI & KLAUDER, LLC**

Dated: August 20, 2026

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Email: dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estates of Common Living, Inc., et al.,*